BAUER et al. v. GRIBBEL et al.

(Supreme Court, Appellate Division, Second Department. February 18, 1896.)

COVENANTS—BUILDING RESTRICTION.

Where the owners of contiguous city lots hold subject to a covenant forbidding the erection thereon of any building, in the first instance, less than two stories high, and less than 12 feet from the street line, one may restrain the other from erecting on a part of his lot a building of the prohibited character, and less than 12 feet from the street line, though there be on such lot at the time a building which complies with the covenant.

Appeal from special term.

Action by Barbara Bauer and another against William S. Gribbel and another to restrain the erection of a building on a lot belonging to defendants. The parties are the owners of two contiguous city lots, which they severally hold subject to a covenant in their respective deeds prohibiting the erection on said lots, or any part thereof, of any building, in the first instance, less than two stories in height, and less than 12 feet from the line of the street in front thereof, on each of which lots was standing at the time they acquired the property a two-story dwelling house, not less than 12 feet from the street line. Defendants having begun the erection, on a part of their lot of a one-story store building, less than 12 feet from the front line of the lot, plaintiffs brought this action to restrain the erection of such building. From an order continuing a temporary injunction until final hearing, defendants appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Jay S. Jones, for appellants.

Edward R. Vollmer, for respondents.

BROWN, P. J. The appellants and respondents are the owners of adjoining property on the northerly side of Arlington avenue, in the city of Brooklyn. The common source of title was one Edward F. Linton, who conveyed the property to one Anna M. Beach. The deed to said Beach contained the following covenant:

' "The party of the second part, for herself, her heirs and assigns, hereby expressly covenants that the first building or buildings erected on said lots, or on either, any, or all of them, or on any part of either or all of said lots, shall be not less than two stories in height, and that the front line of such building or buildings shall be set back at least twelve feet from the line of the street fronting the same."

The said Anna M. Beach conveyed to the appellants and respondents the lots of land now owned by them, respectively; and such conveyances were made subject to the restriction aforesaid as to the building line, and the buildings to be erected upon the lots conveyed. Prior to the commencement of this action there were upon each of the lots aforesaid dwelling houses, which had been erected in full compliance with the covenant aforesaid, the front line of which was 12 feet from the street line. Between the west side of the appellants' house and the west line of their lot there was a vacant space of about 13 feet, upon which the appellants have commenced the erection of a one-story building, which projects 7 or 8 feet in front of the dwellings. The original injunction restrained the appellants from continuing

the erection of this building, and the order appealed from continued such injunction until the final judgment in the action.

We are of the opinion that the order should be affirmed upon the merits.    The meaning and intent of the covenant is plain.    It forbids the erection of any building on the lots, or any part of them, in the first instance, unless such building is at least two stories in height, and is set back 12 feet from the street line.    One evident purpose of the covenant was to establish a building line, and the restriction in this respect applied to every foot of the land conveyed.    The appellants argue that this construction would prevent the erection of an outbuilding in the rear of the lots.    Such a building would clearly be within the letter of the covenant, but it would not necessarily follow that a court of equity would specifically enforce the covenant against such a structure.    Whether it would or not would depend upon the circumstances of each case.    Conger v. Railroad Co., 120 N. Y. 29, 23 N. E. 983.    The covenant must have a reasonable construction and one which will carry out the evident intent of the parties.    I do not think it would prevent the construction of a one-story extension in the rear of a dwelling house that in other respects complied with its terms, and possibly it would not prevent the construction of a one-story wing on the side of a two-story house.    But the building in process of construction extends beyond the building line, and infringes upon the 12-foot space, and in this respect it is a substantial and material violation of the covenant.

The order must be affirmed, with $10 costs and disbursements.    All concur.